# United States District Court, Northern District of Illinois

| **Name of Assigned Judge or Magistrate Judge** | Elaine E. Bucklo | **Sitting Judge if Other than Assigned Judge** | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 1682 | **DATE** | 8/3/2010 |
| **CASE TITLE** | Mason vs. Hardy, et al. | | |

**DOCKET ENTRY TEXT**

Petitioner's petition for a writ of habeas corpus is denied and the case is terminated.

■ [ For further details see text below.]    Notices mailed by Judicial staff.

# STATEMENT

Petitioner Antoine (or maybe Antione – the record includes both spellings) Mason seeks a writ of habeas corpus under 28 U.S.C. § 2254, asserting five grounds for relief. I need not articulate all of the asserted grounds because it is clear that the first four have been procedurally defaulted: Petitioner raised none of them throughout "one complete round of the state's established appellate review process," *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999), nor does he establish that either "cause and prejudice," or the specter of "a fundamental miscarriage of justice," excuses his procedural default. Petitioner argues that the ineffectiveness of his trial and appellate counsel on direct review amount to "cause." But petitioner pursued a post-conviction petition in which he asserted ineffective assistance of counsel claims, then dropped those claims from his intermediate appeal of the denial of that petition. Petitioner offers no explanation for this omission; but even assuming that he attributes it, too, to attorney ineffectiveness, "ineffectiveness of post-conviction counsel does not supply "cause" in the cause-and-prejudice formula." *Byers v. Basinger*, --- F.3d — , 2010 WL 2696522 at *5 (7th Cir., July 9, 2010) (citing *Coleman v. Thompson*, 501 U.S. 722, 753 (1991); *Szabo v. Walls*, 313 F.3d 392, 397 (7th Cir. 2002). And petitioner comes nowhere near establishing the elements of an "actual innocence" claim under the exacting standards of *Schlup v. Delo*, 513 U.S. 298 (1995), to excuse his procedural default under the "fundamental miscarriage of justice" doctrine. Instead, he simply restates some of the grounds he relies upon in his substantive claims.

Petitioner's fifth claim for relief is that his consecutive sentences violate *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Because this claim was raised, and adjudicated, throughout a complete round of state court proceedings, I must review the merits of the claim under the standard mandated by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). "Under the AEDPA, a federal court may grant habeas relief only if the state court's adjudication of the petitioner's constitutional claims was based on unreasonable fact-finding or was contrary to, or involved an unreasonable application of, clearly established federal law or an unreasonable

| STATEMENT |
|---|
| determination of the facts." *Byers,* 2010 WL 2696522 at *6 (citing 28 U.S.C. § 2254(d)). Petitioner's *Apprendi* claim was reviewed by the state courts multiple times, as the state of the law evolved following the *Apprendi* decision. I need not linger on these procedural twists, however, since while they were ongoing, the Supreme Court set forth the standard applicable to petitioner's claim in *Oregon v. Ice*, 129 S.Ct. 711 (2009). The Illinois Appellate Court's ultimate rejection of petitioner's claim expressly relied on *Ice* for the proposition that "the concerns of *Apprendi* [are] not implicated by statutes requiring trial court judges to find certain facts before imposing consecutive sentences," *People v. Mason*, No. 1-06-2205, Rule 23 Order at 3 (Ill. App. Ct., March 27, 2009), Exh. R to Respondent's Response. Petitioner has not shown that the appellate court's application of *Ice* was incorrect, much less unreasonable.<br>      For the foregoing reasons, petitioner's petition is denied. |